UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID O. RUCKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV670 CDP |
| ) | |
| US FIDELIS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on defendants' motion to dismiss plaintiffs' amended complaint for failure to allege fraud with particularity and to state a claim under Rules 9(b) and 12(b)(6), Fed. R. Civ. P. In this putative class action, plaintiffs allege that US Fidelis conspired with its owners, Darain and Cory Atkinson, to defraud consumers in the sale of motor vehicle extended service contracts. Count I of the amended complaint alleges violations of the Missouri Merchandising Practices Act § 407.010, et seq. (MMPA), and Count II alleges a civil conspiracy claim.

Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show

that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), but they must include sufficient factual information to provide the grounds on which the claim rests and to raise a right to relief above a speculative level. Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Under the heightened pleading requirements of Rule 9(b),[1] a complaint alleges sufficient facts to survive a motion to dismiss when the plaintiff states "with particularity the circumstances constituting fraud or mistake." An allegation of fraud or mistake must "include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given thereby." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644 (8th Cir. 1995) (internal quotation marks and citation omitted). More simplistically, "the complaint must identify the who, what, where, when, and how of the alleged fraud." U.S. ex rel. Joshi v. St. Luke's Hospital, Inc., 441 F.3d 552, 556 (8th Cir. 2006) (internal quotation marks and citation omitted).

Having carefully reviewed the amended complaint, the Court finds that

---

[1]The parties agree that Rule 9(b) applies to plaintiffs' MMPA claim.

plaintiffs pled fraud with sufficient particularity as required under Rule 9(b). The amended complaint includes sufficient factual information to provide the grounds on which the claims rest and to raise the right to relief above a speculative level. Accordingly, defendants' motion to dismiss Count I of the amended complaint is denied.

Defendants next argue that the civil conspiracy claim fails because, as agents, Darain and Cory Atkinson cannot conspire with their principal, US Fidelis. Under Missouri law, to recover on a claim of civil conspiracy, plaintiffs must prove "(1) an agreement or understanding; (2) between two or more people; (3) to do an unlawful act, or to do a lawful act by unlawful means." <u>Macke Laundry Service Ltd. Partnership v. Jetz Service Co., Inc.</u>, 931 S.W.2d 166, 175 (Mo. Ct. App. 1996). "There can be no conspiracy between an agent and a principal." <u>Mika v. Central Bank of Kansas City</u>, 112 S.W.3d 82, 94 (Mo. Ct. App. 2003). "An exception to this general rule exists when an employee has an independent personal stake in achieving the object of the conspiracy." <u>Id.</u> (internal quotation marks and citation omitted). At this stage of the proceedings, the Court cannot find that the individual defendants do not have an independent personal stake in achieving the object of the alleged conspiracy. Darian and Cory Atkinson are co-owners of, and financially invested in, U.S. Fidelis. Whether plaintiffs will

ultimately prevail on their claims against the individual defendants is not before me at this time.  Defendants' motion to dismiss is accordingly denied.  A Rule 16 Conference will be set by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#16] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2009.