IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID O. RUCKER, et al, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| -vs- | ) Case No. 4:09-CV-670 |
| | ) |
| US FIDELIS, INC., etc., et al, | ) |
| | ) |
| Defendants | ) |

**PROTECTIVE ORDER FOR DOCUMENTS PRODUCED BY US FIDELIS, INC.**

Plaintiffs have requested that US Fidelis, Inc. ("US Fidelis") produce certain documents. These requested documents include, but are not limited to, documents that contain information relating to US Fidelis' proprietary business practices, which are confidential.

The Court finds that there is good cause for entry of a protective order for documents produced by US Fidelis. Plaintiff seeks the discovery of confidential and proprietary business information about the inner-workings of US Fidelis. US Fidelis' competitors may benefit by examining US Fidelis' contracts and internal operations.

Therefore, it is ordered that where appropriate, US Fidelis may designate the documents that it produces as containing "Confidential Information", and the following terms and conditions govern the production and use of documents containing Confidential Information:

1. US Fidelis may designate documents that contain Confidential Information by stamping them "CONFIDENTIAL."

2. Confidential Information must only be used for purposes of this litigation and for

no other purpose except as otherwise permitted by this Order or required by law, and may only be disclosed to the following persons:

    a. Parties to the litigation, and counsel of record for any party to the litigation, and their associates, paralegals, clerical or service support staff of their law firms;

    b. Experts or consultants (including their employees, associates and/or support staff) retained by a party to the litigation;

    c. Interviewees and potential witnesses that counsel for a party to the litigation in good faith determines needs to have access to Confidential Information for counsel to effectively prosecute or defend the litigation;

    d. Deponents, trial or hearing witnesses and court reporters; and

    e. The Court and its personnel.

3. Confidential Information may not be disclosed to any person referred to in subparagraphs 2b, 2c or 2d unless such person has agreed, in writing, or orally on the record of a deposition or trial transcript, to be bound by the terms and conditions of this Order. Counsel disclosing any Confidential Information to persons described in subparagraphs 2b, 2c or 2d is responsible for retaining copies of documents evidencing any such agreements to be bound by the terms of this Order.

4. This Order not only prohibits the disclosure or production of Confidential Information, but also prohibits the discussion of Confidential Information with any person not specifically authorized to receive such information by this Paragraph 2.

5. Each person to whom Confidential Information is disclosed must exercise, in maintaining the confidentiality of any Confidential Information, at least as high a degree of care and diligence as the requesting party would normally exercise with regard to proprietary information that it maintains as secret and confidential, which degree of care and diligence must

not be less than that which a reasonable person would exercise in maintaining the confidentiality of proprietary information of great value. US Fidelis is be entitled to all remedies existing under law and equity if there is any unauthorized disclosure of Confidential Information, or any other breach of this Order.

6. If a document containing Confidential Information, or if a portion of a transcript containing Confidential Information is filed with the Court, it must be filed under seal and bear the "Confidential" stamp as described above. Similarly, if a document marked as 'Confidential" is filed with the Court, it must be filed under seal. In filing materials with the Court, where practicable, counsel should file under seal only those specific documents and pages of deposition transcripts stamped "Confidential" and only those specific portions of briefs, motions or other filings that are designated as Confidential. Trials are open to the public, and it is highly unlikely that the Court would grant a motion to seal any exhibits or testimony at trial, although the parties may, of course, seek any relief they think is appropriate. CDP 9/6/09

7. The Court retains final authority to evaluate the "Confidential" designation of documents and determine whether there is good cause for the documents so designated to be filed under seal.

8. Nothing in this Order prevents a party from challenging any of US Fidelis' confidential designations. Any party or interested member of the public opposing a Confidential-Information designation may apply to the Court for a determination that the designated material does not contain Confidential Information, or that in the circumstances the information should be

3

released from the provisions of this Order.

9. This Order survives the termination of this litigation and continues in full force and effect thereafter. Documents containing Confidential Information shall be returned to US Fidelis or destroyed upon its request after an order finally terminating the litigation and the time for any appeal has passed. Upon request, each party and each party's counsel shall provide US Fidelis with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed.

10. The remedies provided by this Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court for any document or information deemed to be confidential. The entry of this Order should not be construed as a waiver of any claim of privilege or any other objection which may be asserted during the course of this litigation (including any appeal) or to require production of any document deemed to be confidential.

11. This Order applies to all parties and counsel to the litigation, and any successors, heirs or assigns of any party.

SO ORDERED:

**The Honorable Catherine Perry**

Date 9/8/09