UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID O. RUCKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV670 CDP |
| ) | |
| US FIDELIS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion to file a second amended complaint. Defendants oppose amendment and have moved to strike the proposed second amended complaint. In this putative class action, plaintiffs allege that US Fidelis conspired with its owners, Darain and Cory Atkinson, to defraud consumers in the sale of motor vehicle extended service contracts. Count I of the first amended complaint alleges violations of the Missouri Merchandising Practices Act § 407.010, et seq. (MMPA), and Count II alleges a civil conspiracy claim. Plaintiffs' proposed second amended complaint names no new parties, but it adds the Atkinsons as defendants in the MMPA claim and seeks to pierce the corporate veil as to US Fidelis. After careful consideration, the motion to amend will be granted. Defendants' motion to strike will be denied.

Under Federal Rule of Civil Procedure 15, a court should grant leave to

amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation marks and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001). Where leave is required, there is no absolute right to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the Court. Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

Defendants first argue the motion to amend is untimely because it was filed one day after the amended case management order's presumptive deadline of February 1, 2010 to amend pleadings. While the motion for leave was filed one day out of time, the proposed second amended complaint was actually on file by February 1, 2010. Although I certainly expect lawyers to follow the proper procedures to seek leave to amend their complaint, I will not elevate form over substance to deny plaintiffs leave to amend simply because the motion for leave was not filed with the proposed amended complaint. Defendants also complain

that plaintiffs' proposed MMPA claim against the Atkinsons is untimely because it is based upon information that was already known to plaintiffs. Defendants point to the fact that plaintiffs previously sought to bring an MMPA claim against the Atkinsons but removed it when they filed their first amended complaint. Defendants contend that this fact supports their theory of undue delay. It does not. In support of their motion to amend, plaintiffs state that amendment is warranted because it is based upon information obtained from discovery. That plaintiffs seek leave to bring an MMPA claim against the Atkinsons that is now supported by evidence obtained during discovery does not compel the conclusion that plaintiffs unduly delayed amending their complaint. I cannot say that the motion for leave is untimely under the circumstances of this case.

Defendants also argue that they would be unduly prejudiced by amendment. Defendants point to the fact that they have already deposed most of the named plaintiffs. They also complain that they may be required to produce more documents. These arguments are insufficient to deny leave to amend. The parties have sufficient time to complete any additional discovery that may be required by amendment because I recently extended all case management order deadlines -- including the class certification, discovery cut-off and trial dates -- at the joint request of the parties. If it becomes necessary for defendants to re-depose the

named plaintiffs or discovery becomes unduly burdensome, the parties may ask the Court to enter any orders that may be required in the interests of justice and fairness to all parties. However, given the current procedural posture and complexity of the case, I cannot say that increasing the amount of discovery serves as a sufficient basis to deny leave to amend.

For these reasons, plaintiffs' motion for leave to file a second amended complaint is granted, and defendants' motion to strike is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file second amended complaint [#41] is granted, and plaintiffs' second amended complaint is deemed filed as of this date.

**IT IS FURTHER ORDERED** that defendants' motion to strike [#40] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2010.